UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
    )
        v.    )    Criminal Action No. 05-30002-MAP
    )
FRANK DEPERGOLA and    )
ARMANDO BOTTA,    )
        Defendants    )

FURTHER SCHEDULING ORDER
April 26, 2005

NEIMAN, U.S.M.J.

The parties mutually agreed at the initial pretrial conference on April 25, 2005,

that further proceedings shall be governed as follows:

1.    Defendants shall produce, on or before May 9, 2005, those materials

required to be produced under LR 116.1(D).

2.    Any discovery request letters shall be sent and filed by May 23, 2005.

*See* LR 116.3(A) and (H).

3.    Any responses to discovery request letters shall be sent and filed within

fourteen days of receipt of the discovery request letter(s) referred to in

Paragraph 2 above *or* on or before June 6, 2005, *whichever date shall*

*first occur. See* LR 116.3(A).

4.    Consistent with the provisions of LR 116.3(E) through (H), any and all

discovery motions shall be filed on or before fourteen days after the

receipt of the opposing party's declination to provide the requested

discovery *or* fourteen days after the opposing party has received the discovery request letter and has failed to respond thereto, *whichever date shall first occur. See* LR 116.3(E) through (H).

5.    Consistent with the provisions of Paragraph 4 above, a response to any motion shall be filed on or before fourteen days after the motion has been filed.  *See* LR 116.3(I).

6.    The Initial Status Conference in accordance with LR 116.5 is continued to June 2, 2005, at 2:30 p.m. in Courtroom III.[1]

7.    A joint memorandum addressing those items set forth in Local Rule 116.5(A)(1) through (7), with particular attention being paid to the calculations made necessary by the Speedy Trial Act, shall be filed on or before the close of business, May 31, 2005.

DATED: April 26, 2005

  /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

---

[1] Defendants are not required to be present at the Initial Status Conference. Inasmuch as the court concludes that the Initial Status Conference is not a critical proceeding within the meaning of Fed. R. Crim. P. 43, defendants in custody will not be transported to court for the Initial Status Conference absent a showing of exceptional cause on motion duly filed in advance of the Initial Status Conference. *See* Fed. R. Crim. P. 43(c)(3).