UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL ACTION NO. 05-30002-MAP |
| ) | |
| FRANK DEPERGOLA and   ) | |
| ARMANDO BOTTA,   ) | |
| Defendants ) | |

### MEMORANDUM OF LAW

The Sixth Amendment to the U.S. court requires that in any criminal proceeding, the accused shall enjoy the right to be informed of the nature and cause of the accusation. The indictment must be drawn so as to furnish the accused with such a description of the charge against him as will enable him to make his defense. U.S. v. Cruikshank (1876) 92 U.S. 542, 558. An indictment in the language of the statute is not necessarily good. Where the statute defines a crime in broad and general language, merely describing the general nature of the offense charged, the indictment should describe with greater particularity the offense charged. U.S. v. Devine's Milk Laboratories, Inc. (1960) 99 F. Supp., 800, 801. A prosecution for conspiracy need not be as specific as a prosecution based on the underlying offense. U.S. v. Daily, C.A. 10th, 1990, 921 F.2d 994. Nonetheless, a conspiracy is not established in the absence of some overt act. U.S. v. Reina, C.A. 2d 1957, 242 F.2d 302, Anderson v. U.S., CA 8th, 1959, 262 F.2d 764, 767. Here is a complete absence of any showing of any act, time or place by which the defendant joined the conspiracy or furthered it. The conspiracy in Count One is therefore inadequately alleged. Contrast Devine,

supra, Anderson, supra. It is to be further noted that even when read in conjunction with the alleged acts, the alleged acts cannot be used to establish the sufficiency of the charging portion of the conspiracy portion of the indictment which in itself is insufficient and makes no reference to overt acts. Devine, supra, at 801. In any event, Count Two is also insufficient, infra.

The substantive portion of the indictment requires more specificity than the conspiracy count. Daily, supra. Sections 891 and 892 of Title 18 provide definitions and an operative framework for the violations of Sections 894 and 894(a), alleged in this indictment. The substantive violation requires that there be an extension of credit and a guaranty of repayment. 18 U.S.C. § 891 (1-4), U.S. v. Stokes, C.A. S. Miss 1991, 944 F.2d 211. An extortionate extension of credit requires understanding upon the part of the debtor and creditor that violence or other criminal means may result from delay or failure to make repayment. 18 U.S.C. § 891, (6) (7), 18 U.S.C. § 892 (h), Stokes, supra. In the absence of an extension of credit an extortionate understanding even the actual use of violence would not support a conviction. Stokes, supra.

Here the indictment fails to describe any extension of credit by the defendant, Frank Depergola, to Leone Daniele, the alleged victim. It fails to describe any understanding between the alleged victim and the defendant, Depergola, that extortionate means could be used by the defendant, Depergola, in the event of default by Daniele. It is completely silent on the time, place, or means by which the defendant, Depergola, attempted to collect such debt from

Daniele. It may be suggested that some of this information might be available through discovery. U.S. v. Honneus, CA 1st 1974, 508 F.2d 566, 570 (Place of offense would have been available if defendant has requested a bill of particulars). Here, however, discovery fails to provide the defendant with information as to the allegations against him. It shows that the defendant, Depergola, was present at conversations in which deceased convicted organized crime member Adolfo Bruno specifically assured cooperating witness, Leone Daniele, that he (Bruno) would prevent another creditor from using violence or other criminal means against him.

There is no specific accusation or evidence provided discovery that the defendant, Frank Depergola, even threatened the cooperating witness or ever suggested that force would be used to collect any debt. The indictment fails to specify any act of extortion on the part of the defendant.

Date: 9/28/05

The Defendant
Frank Depergola

By: _____
Michael L. Foy, His Attorney
935 Main Street, Suite 203
Springfield, MA 01103
(413) 781-11-6
BBO#176920