FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2005 NOV -4  P 3: 51

U.S. DISTRICT COURT
DISTRICT OF MASS

UNITED STATES OF AMERICA      )
                              )
                              )
      v.                      )      CRIMINAL NO. 05-30002-MAP
                              )
FRANK DEPERGOLA, and          )
ARMANDO BOTTA                 )
                              )
      Defendants.             )

### THE GOVERNMENT'S RESPONSE TO
### DEFENDANTS MOTION TO DISMISS

The United States of America, by Michael J. Sullivan, United
States Attorney for the District of Massachusetts, respectfully
submits the following response in opposition to the defendants'
motion to dismiss the Indictment.

### Background

On January 4, 2005, a federal grand jury sitting in Hampden
County returned a two-count Indictment charging Frank Depergola
("Depergola") and Armando Botta ("Botta") with conspiracy to
collect extensions of credit by extortionate means (Count One)
and collecting extensions of credit by extortionate means (Count
Two), in violation of Title 18 U.S.C. §894.

Shortly after arraignment, the defendants were provided with
automatic discovery which included transcripts of consensual
monitored conversations between the victim and the defendant.
Thus far, other than some minor requests for clarification, there

have been no requests for additional discovery or for a Bill of
Particulars.

The defendants have now moved to dismiss the Indictment
claiming that the Indictment is defective.  Specifically, they
argue that Count One, the conspiracy count, is insufficient
because it omits facts relating to the nature of the conspiracy
including when the defendants joined the conspiracy and what acts
they engaged in to further the conspiracy.  The defendants also
challenge the sufficiency of Count Two because it fails to allege
indebtedness or the terms of the extortion of credit or specify
the extortionate means used to collect the debt incurred by the
victim.

The controlling legal principle is well settled.  An
indictment is deemed sufficient if it: 1) contains the elements
of the offense charged and fairly informs a defendant of the
charges against which he must defend; and 2) enables him to plead
an acquittal or conviction in bar of future prosecution for the
same offense.  Hamling v. United States, 418 U.S. 87, 117 (1974)
(citations omitted); see United States v. Sepulveda, 15 F.3d
1161, 1192 (1st Cir. 1993)("an indictment is sufficiently
particular if it elucidates the elements of a crime, enlightens a
defendant as to the nature of the charges against which she must
defend . . . ."); accord United States v. Serino, 835 F.2d 924,
929 (1st Cir. 1987).

2

Here, neither defendant even alleges that he lacks notice of the charge against him.  Nor could they reasonably make such a claim because the Indictment specifies the name of the alleged victim (Leo Daniele), the general time frame of the alleged conspiracy (1996 - 2001), and the location of the offense (Hampden County).  Accordingly, the motion to dismiss should be denied.

<u>Discussion</u>

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires an indictment to provide "a plain, concise and definite written statement of the essential facts constituting the offense charged."  Although there is no proscribed formula, "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself," as long as those words set forth all the elements of the offense without any uncertainty or ambiguity."  <u>United States v. Serino</u>, 835 F.2d at 929 quoting <u>Hamling v. United States</u>, 418 U.S. at 117.

With respect to Count One, the defendants claim that the Indictment is defective because it fails to allege the date and time when either defendant joined the conspiracy and fails to specify any conduct on the part of either defendant to further the conspiracy.  In <u>United States v. Sedlak</u>, 720 F.2d 715, 718 (1st Cir. 1983) the First Circuit rejected an identical challenge to an Indictment charging the defendants with conspiracy to use

3

extortionate means to collect an extension of credit, in
violation of 18 U.S.C. §894.  In Sedlak, as here, the defendants
claimed that the indictment was defective, in part, because it
omitted the date, place or circumstances of the alleged extension
of credit or the time or place that the defendants became
involved in the conspiracy.  In rejecting this claim, the Court
noted that 1) "the essential elements of the offense were
alleged; 2) "the persons alleged to have been involved in the
conspiracy were named;" and 3) "the general time frame of the
occurrence of the conspiracy was identified."  Id. at 719.  The
Court then concluded that the conspiracy charge was sufficiently
definite and specific to meet the requirements of Fed.R.Crim.P.
7(c).

        Similarly, in the instant case, there is no question but
that Count One contains all the elements of the crime of
conspiring to use extortionate means to collect an extension of
credit.  Simply put, the offense charged in Count One is set
forth in the words of the statute and therefore it meets the
requirements of Fed.R.Crim.P. 7(c).

        Moreover, "[t]he failure to include more details concerning
the making of the underlying extension of credit [does] not
render the indictment defective..." Id.  As the Court noted in
Sedlak: the charge at issue "[is]not extending credit, but
conspiring to use extortionate means to collect it."  Id.

                                4

(emphasis supplied).  Thus, the Court concluded: "[a]ny
information concerning the underlying obligation was merely
evidentiary, and could be obtained through discovery."  Id.  The
same analysis applies here.  Rather than move to dismiss the
Indictment, the defendants should move to obtain a Bill of
Particulars or other additional discovery.

     Relying upon United States v. Daily, 921 F.2d 994 (10th Cir
1990), Depergola and Botta further argue that the conspiracy
count is deficient because it fails to allege an overt act in
furtherance of the conspiracy.  This argument is misplaced.
First, the conspiracy charge at issue in Daily involved a charge
under § 371.  Here, the defendants are charged under with
conspiracy under § 894.  While it is true that one of the
elements of the offense of conspiracy under § 371 is the
participation in an overt act by one or more persons involved in
the conspiracy, § 894 has no similar requirement.

     Depergola and Botta also challenge the sufficiency of Count
Two of the Indictment which charges them with using extortionate
means to collect an extension of credit.  They claim that the
indictment is defective because is does not describe the alleged
extension of credit or indicate the date, time, place or means by
which the defendants attempted to collect the debt.  Again, this
same argument was addressed and ultimately rejected by the Court
in Sedlak.  The Court stated "[t]he failure to give particulars

                                5

regarding the extension of credit does not render the indictment defective." Id. At 719.  Because the same analysis employed by the Court in Sedlak applies here, the defendants' motion to dismiss should be denied.

WHEREFORE, the government respectfully requests that the Court deny the defendants' motion to dismiss the Indictment.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

Ariane D.  Vuono
Assistant U.S. Attorney

Dated: November 4, 2005

## CERTIFICATE OF SERVICE

Hampden,  ss.                    Springfield, Massachusetts
                                 November 4, 2005

I, Ariane D. Vuono, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mail on Michael L. Foy, Esq. 935 Main Street, Suite 203, Springfield, MA 01103 and Lori Levinson, Esq., Cain Hibbard Myers & Cook, 66 West Street, Pittsfield, MA 01201.

Ariane D.  Vuono
Assistant U.S. Attorney